UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| CLINTON REED, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) No. 4:22-CV-058-CLC-CHS ) |
| BEDFORD COUNTY SHERIFF'S DEPARTMENT, AUSTIN SWING, RONNIE PRINCE, CHRISTOPHER COOK, and BEDFORD COUNTY JAIL, | ) ) ) ) ) |
|     Defendants. | ) ) |

**MEMORANDUM & ORDER**

Plaintiff, a Tennessee Department of Correction ("TDOC") prisoner[1] housed in the Bedford County Jail, has filed a complaint for violation of 42 U.S.C. § 1983 [Doc. 4] that is now before the Court. For the reasons set forth below, this action will proceed only as to the following claims: (1) Plaintiff's Eighth Amendment and due process claims against Defendant Lt. Cook arising out of a sexual assault on February 18, 2022; (2) Plaintiff's Equal Protection claim against Defendant Lt. Cook arising out of the February 18, 2022, sexual assault and this Defendant's actions during March 2022; (3) Plaintiff's Equal Protection claim against Defendant Jail Administrator Prince arising out of a strip search; and (4) Plaintiff's retaliation claim arising out of Defendant Jail Administrator Prince's reaction to Plaintiff's October 27, 2022, email to TDOC.

**I. SCREENING STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious,

---

[1] The Court takes judicial notice that Plaintiff is a convicted TDOC prisoner. https://foil.app.tn.gov/foil/search.jsp (last visited February 14, 2023).

fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA screening, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## II.     ALLEGATIONS

Plaintiff first states that he sues for (1) violation of his Eighth Amendment right to be free of cruel and unusual punishment; (2) violation of his Fourteenth Amendment right to due process; and (3) discrimination due to his sexual orientation [Doc. 4 at 3]. Plaintiff then states that the events giving rise to his claims occurred on February 18, 2022, when Defendant Lt. Cook assaulted him, and on October 27, 2022, when the administration threatened him, before stating that his "[f]ear [for his] life [is] ongoing" [*Id.* at 4]. Plaintiff also claims that an inmate named Dustin Bain

2

("Inmate Bain") sexually assaulted him, and that Defendants Lt. Cook and Prince, as well as "other staff and inmates," threatened him [*Id.*].

Also, in a narrative statement attached to his complaint, Plaintiff claims that on February 8, 2022, Inmate Bain "flashed his penis at [Plaintiff] [two times]," and Plaintiff reported this to Cpl. Rickets [*Id.* at 12]. But Inmate Bain only received a warning, and "no further action" was taken [*Id.*]. Inmate Bain remained in the pod with Plaintiff until February 10, 2022, during which time Inmate Bain threatened Plaintiff [*Id.*].

Plaintiff additionally claims that on February 18, 2022, Defendant Lt. Cook followed him very closely as he went up the stairs and then "grabbed . . . and slapped [Plaintiff's] buttocks" [*Id.*]. Defendant Lt. Cook then "grabbed his [own] crotch, telling [Plaintiff] 'get in your cell candypants, and you know your gay ass liked that' while winking at [Plaintiff]" [*Id.*]. When Plaintiff was transported to Rutherford County for court on February 23, 2022, he made a Prison Rape Elimination Act ("PREA") complaint about this incident, and the staff there took pictures of Plaintiff's bruising from this incident [*Id.*].

On March 3, 2022, Plaintiff returned to Bedford County Jail, where he was housed in L pod [*Id.*]. During this placement, Defendant Lt. Cook would whistle at Plaintiff and grab himself before handing Plaintiff his sandwich [*Id.*]. Defendant Lt. Cook also made the comment "I'm still here with you F[*]gboy" [*Id.*].

On March 28, 2022, jail officials moved Plaintiff to K pod, where inmates asked him about his PREA complaint against Defendant Lt. Cook [*Id.*]. Inmates also called Plaintiff a snitch, extorted Plaintiff, and pulled Plaintiff's pants down multiple times and told him "'to report that PREA'" [*Id.*]. Plaintiff did file a PREA complaint with "S[]gt. Dutch Meritt," but "no action was taken" [*Id.*]. After no action was taken on Plaintiff's K pod PREA complaint for two weeks, jail

3

officials moved Plaintiff to J pod [*Id.* at 12–13]. But K pod inmates told J pod inmates about Plaintiff's PREA complaints, and J pod inmates then harassed and extorted Plaintiff until April 23, 2022, at which time he returned to Rutherford County [*Id.* at 13].

On June 27, 2022, Plaintiff and three other inmates returned to Bedford County from Rutherford County, but Defendant Prince ordered a strip search only for Plaintiff, and the officer who performed the strip search stated he did not know why this was the case [*Id.*]. Also, on July 1, 2022, an officer told Plaintiff he could not participate in work or programs due to his allegations against Defendant Lt. Cook [*Id.*].

On September 2, 2022, Officer Rogers moved Plaintiff to cell F340 [*Id.*]. Then, on September 3, 2022, Cpl. Price moved Plaintiff to cell F330, told Plaintiff he was in the wrong cell, and told Plaintiff "[he would] be writing [Plaintiff's] f[*]ggit [*]ss up for it," which he did [*Id.*]. Plaintiff was found guilty of the write up and appealed the write up as wrongful, but he was denied an appeal "without admin following evidence of an officer placing [him] in cell F340" [*Id.*].

On October 22, 2022, Plaintiff was placed in cell C309, which is a maximum-security cell [*Id.*]. In that cell, a mentally ill inmate got naked and "waved his penis at Plaintiff" while threatening to kill Plaintiff and using racial slurs [*Id.*]. Plaintiff informed Officer Krump that he was in fear for his life, but Sgt. Lynn refused to move Plaintiff [*Id.*]. Plaintiff therefore "endured sexual[ly] abusive acts for [five] hours until" another officer moved him to a different cell [*Id.*].

On October 27, 2022, Plaintiff sent an email to the Tennessee Department of Correction ("TDOC") regarding what was happening to him and stating that since his PREA complaint, "[he] ha[d] been humiliated, abused, e[x]torted[,] [and] in fear [for] [his] life" in the Bedford County Jail because the Lieutenant abusing him "has direct control over [him]" [*Id.* at 14]. Defendant Jail Administrator Prince read Plaintiff's email and had an officer bring Plaintiff to an office where

4

Case 4:22-cv-00058-CLC-CHS   Document 8   Filed 02/16/23   Page 4 of 9   PageID #: 83

Defendant Jail Administrator Prince and two other officers were present [*Id.*]. Defendant Jail Administrator Prince then threatened Plaintiff "with D-board, criminal charges, and tak[ing] all credits and privileges away for [Plaintiff] making the PREA claim to TDOC" [*Id.*]. Defendant Jail Administrator Prince also threatened to hit Plaintiff [*Id.*]. Plaintiff reported this incident to a parole officer that night, and he believes that since this incident, the administration has been holding his incoming mail [*Id.*].

Also, on November 8, 2022, an officer dropped Plaintiff's breakfast tray on the floor and refused to get him another one [*Id.*].

Plaintiff states that since making his PREA complaint against Defendant Lt. Cook, "[he] ha[s] been humiliated, threatened, physically/sexually abused, e[x]torted, and retaliated against" and yet he is still housed at the Bedford County Jail under "supervision of [his] abuser" [*Id.*]. Plaintiff claims that this violates his Eighth Amendment rights, and that he has been discriminated against and denied due process [*Id.*]. Plaintiff also asserts that he suffered physical injuries from Defendant Lt. Cook's assault, as well as mental health abuse due to the retaliation, threats, and "direct supervision of [his] abuser" [*Id.* at 15].

Plaintiff has sued Sheriff Austin Swing, Jail Administrator Ronnie Prince, Lt. Chris Cook, the Bedford County Sheriff's Department, and the Bedford County Jail[2] [*Id.* at 1, 2–3]. As relief, Plaintiff requests (1) a transfer; (2) reprimand and/or dismissal of Defendants Jail Administrator Prince and Lt. Cook; (3) "safer [and] more efficient P[REA] protocols [and] procedures" at Bedford County Jail; (4) for all Bedford County Jail staff to wear body cameras and microphones; and (5) compensatory, punitive, and nominal damages [*Id.* at 4, 15].

---

[2] Plaintiff includes an "et al." designation regarding Defendants at least twice in his complaint [*Id.* at 2, 3]. However, the Court declines to speculate about who, if anyone, Plaintiff intended to name as a Defendant based on this designation, and therefore construes the complaint as against only the individuals and entities Plaintiff listed as Defendants.

5

## III. ANALYSIS

First, neither the Bedford County Jail nor the Bedford County Sheriff's Office is a suable entity under § 1983. *See Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983"); *Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-CV-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. § 1983.") (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Accordingly, these Defendants will be **DISMISSED**.

Also, Plaintiff does not provide any facts from which the Court can plausibly infer that Defendant Sheriff Swing was personally involved in any of the events he sets forth in his complaint, and Sheriff Swing cannot be liable under § 1983 based solely on the acts of others. *Iqbal*, 556 U.S. at 676 (noting that "our precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"); *Troutman v. Louisville Metro Dep't of Corrs.*, 979 F.3d 472, 487–88 (6th Cir. 2020) (providing that "at minimum a plaintiff must show that a supervisory official at least implicitly authorized, approved[,] or knowingly acquiesced in the unconstitutional conduct of the offending subordinate" in order for the supervisory official to be liable for a subordinate's acts under § 1983 (internal quotation marks and citations omitted)); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983). Accordingly, Defendant Sheriff Swing likewise will be **DISMISSED**.

Similarly, other than Plaintiff's allegations regarding (1) Defendant Lt. Cook's February 18, 2022, sexual assault on him; (2) Defendant Lt. Cook's actions during Plaintiff's March 2022 placement in L Pod; (3) Defendant Jail Administrator Prince's decision to strip search only Plaintiff on June 27, 2022; and (4) Defendant Jail Administrator Prince's actions in reaction to Plaintiff's October 27, 2022, email to TDOC, the allegations in Plaintiff's complaint do not allow the Court to plausibly infer Defendants Lt. Cook or Jail Administrator Prince violated Plaintiff's constitutional rights. As such, Plaintiff's allegations that do not relate directly to these claims also fail to state a claim upon which relief may be granted under § 1983. *Frazier*, 41 F. App'x at 764; *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987).

Additionally, the Court does not have the authority to grant Plaintiff relief in the form of reprimand or termination of Defendants Lt. Cook and Jail Administrator Prince. *Dickson v. Burrow*, No. 5:19-CV-P163-TBR, 2019 WL 6037671, at *2 (W.D. Ky. Nov. 14, 2019) (citing *Ross v. Reed*, No. 1:13-CV-143, 2013 WL 1326947, at *2 (S.D. Ohio Mar. 5, 2013) for its holding that "[t]he Court has no authority under § 1983 to direct the . . . police department to initiate any disciplinary proceedings against its employees" and *Theriot v. Woods*, No. 2:09-cv-199, 2010 WL 623684, at *4 (W.D. Mich. Feb. 18, 2010) for its holding that a court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"). Thus, Plaintiff's request for this relief is not cognizable herein, and it will be **DISMISSED**.

However, as set forth above, (1) Plaintiff's Eighth Amendment and due process claims against Defendant Lt. Cook arising out of a sexual assault on February 18, 2022; (2) Plaintiff's Equal Protection claim against Defendant Lt. Cook arising out of the February 18, 2022, sexual assault and Defendant Lt. Cook's actions during March 2022; (3) Plaintiff's Equal Protection claim against Defendant Jail Administrator Prince arising out of a strip search; and (4) Plaintiff's claim

for retaliation arising out of Defendant Jail Administrator Prince's reaction to Plaintiff's October 27, 2022, email to TDOC will proceed.

IV. **CONCLUSION**

For the reasons set forth above:

1. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to Defendants Sheriff Swing, Bedford County Jail, and Bedford County Sheriff's Office, and these Defendants are therefore **DISMISSED**;

2. Plaintiff's request for discipline or termination of Defendants Lt. Cook and Jail Administrator Prince is not cognizable herein, and it is therefore **DISMISSED**;

3. Only (1) Plaintiff's Eighth Amendment and due process claims against Defendant Lt. Cook arising out of a sexual assault on February 18, 2022; (2) Plaintiff's Equal Protection claim against Defendant Lt. Cook arising out of the February 18, 2022, sexual assault and Defendant Lt. Cook's actions during March 2022; (3) Plaintiff's Equal Protection claim against Defendant Jail Administrator Prince arising out of a strip search; and (4) Plaintiff's claim for retaliation arising out of Defendant Jail Administrator Prince's reaction to Plaintiff's October 27, 2022, email to TDOC will proceed in this action, and the rest of Plaintiff's allegations that do not relate to these claims are therefore **DISMISSED**;

4. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Lt. Cook and Jail Administrator Prince;

5. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of entry of this memorandum and order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

6. Plaintiff is **NOTIFIED** that failure to return the completed service packets within the time required may result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

7. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date on which they are served;

8. If any Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default; and

9. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**