UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| CLINTON REED, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 4:22-CV-058-CLC-CHS |
| RONNIE PRINCE and CHRISTOPHER COOK, | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

This is a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 4] that is proceeding as to (1) Plaintiff's Eighth Amendment and due process claims against Defendant Cook arising out of a sexual assault on February 18, 2022; (2) Plaintiff's Equal Protection claim against Defendant Cook arising out of the February 18, 2022, sexual assault and this Defendant's actions during March 2022; (3) Plaintiff's Equal Protection claim against Defendant Prince arising out of a strip search; and (4) Plaintiff's retaliation claim arising out of Defendant Prince's reaction to his October 27, 2022, email to TDOC [Doc. 8 at 7–8].

Now before the Court are Plaintiff's motion for appointment of counsel [Doc. 9] and motion for relief in the form of a transfer [Doc. 12]. For the reasons set forth below, Plaintiff's motion for appointment of counsel [Doc. 9] will be **DENIED**, and his motion for a transfer [Doc. 12] will be **DENIED without prejudice as moot**.

### I. MOTION FOR APPOINTMENT OF COUNSEL

In support of his request that the Court appoint him counsel, Plaintiff states that (1) he cannot afford counsel; (2) "[his] imprisonment will greatly limit his ability to litigate"; (3) the issues in this case "are complex and will require significant research and investigation"; (4) "[he]

has limited access to the law library and limited knowledge of the law"; (5) the trial in this action "will likely involve conflicting testimony and co[u]nsel would better enable [him] to present evidence and cross examin[e]" witnesses; and (6) he has been unable to obtain counsel [Doc. 9 at 1].

Appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–6 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–6.

As to the first two factors set forth above, this is a complaint for violation of § 1983 that is proceeding as to Plaintiff's Equal Protection, due process, and retaliation claims, none of which are overly factually or legally complex. As to the third factor, it is apparent that Plaintiff can adequately present his claims. Thus, Plaintiff has not established that this is an exceptional case that justifies the Court appointing him counsel, and his motion to appoint counsel [Doc. 9] is **DENIED**.

## II. MOTION FOR TRANSFER

After filing his motion for transfer to a different facility [Doc. 12], Plaintiff filed a notice of change of address indicating he "was transferred away from [Defendants]" and is now in the Moore County Jail, rather than the Bedford County Jail [Doc. 15 at 1], which is the jail from which he filed his motion for transfer [Doc. 12 at 3]. As such, Plaintiff's motion seeking a transfer [Doc. 12] is **DENIED without prejudice as moot**.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for appointment of counsel [Doc. 9] is **DENIED** and his motion for a transfer [Doc. 12] is **DENIED without prejudice as moot**.

Additionally, Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address will result in the dismissal of this action.

**SO ORDERED**.

**ENTER**:

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**